**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| ERIC PRITCHETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:13CV100 SNLJ |
| | ) | |
| IAN WALLACE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion to appoint counsel, motions to amend, and for review of plaintiff's amended complaint. Plaintiff, a prisoner, claims that defendants, all of whom are alleged to be employees of Southeast Correctional Center ("SECC"), violated his constitutional rights during his ongoing incarceration at SECC. Under 28 U.S.C. § 1915A, the Court is required to review the pleading and dismiss it if it is frivolous, malicious, or fails to state a claim upon which relief can be granted.

### The Amended Complaint

Plaintiff has sufficiently alleged several violations of his constitutional rights, including First Amendment claims for denial of access to the courts and retaliation, Eighth Amendment claims for deliberate indifference and unsanitary conditions, and

denial of mental health care.  As a result, the Court will order defendants to respond to the complaint.

However, plaintiff's claims against defendants in their official capacities must be dismissed.  Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri.  Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989).  "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983."  Id.  As a result, the plaintiff's official-capacity claims fail to state a claim upon which relief can be granted.

Additionally, plaintiff's claim that defendants Wallace, Wigfall, Cossey, Buhs, and Thompson denied his request for grievance forms must be dismissed.  "In the context of a state prison system, an inmate grievance procedure is not constitutionally required."  Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986).  "If the state elects to provide a grievance mechanism, violations of its procedures do not deprive prisoners of federal constitutional rights. Therefore, a state's failure to follow its grievance procedures does not give rise to a § 1983 claim."  Id.

### Motion for Appointment of Counsel

There is no constitutional or statutory right to appointed counsel in civil cases. Nelson v. Redfield Lithograph Printing, 728 F.2d 1003, 1004 (8th Cir. 1984).  In

determining whether to appoint counsel, the Court considers several factors, including (1) whether the plaintiff has presented non-frivolous allegations supporting his or her prayer for relief; (2) whether the plaintiff will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) whether the factual and legal issues presented by the action are complex.  See Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986); Nelson, 728 F.2d at 1005.

While plaintiff has several different claims against twenty-four defendants, none of the claims, by themselves, are factually or legally complex.  As of this time, plaintiff has shown that he is able to set forth his claims in a clear and reasonable manner.  As a result, the Court finds that appointment of counsel is not warranted at this time.  The Court may reconsider this decision at a later date.

## Motions to Amend

The Court grants the motions to the extent that they request relief to file an amended complaint.  To the extent that plaintiff requests to be transferred to another prison, the request is premature.  There are no facts before the Court that would justify granting this relief.  As a result, the Court will grant the motions in part and deny them in part.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendants shall reply to plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel [ECF No. 6] is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's motions to amend [ECF Nos. 7, 10] are **GRANTED** in part and **DENIED** in part, as specified in this Memorandum and Order.

**IT IS FURTHER ORDERED** that this case is assigned to Track 5B: Prisoner Standard.

Dated this 21st day of August, 2013.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE

-4-