UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| ERIC PRITCHETT | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:13CV100 SNLJ |
| | ) | |
| | ) | |
| IAN WALLACE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

Numerous motions are currently pending in this case. The plaintiff's "Notice to Courts" has been styled as a motion for transfer (#81), and it states that plaintiff is being denied legal supplies and that the prison is withholding postage and stationery that he purchased with his funds from the canteen. Further, plaintiff states that the prison is keeping his legal documents from him, and that he is being prevented from accessing a notary. Plaintiff suggests that these resources (including his own property) are being kept from him in retaliation for having filed the lawsuit, which is itself about similar denial of access to the legal system. Plaintiff requests specifically that the Court transfer him to another prison, the Farmington Correctional Center in Farmington, Missouri.

Defendants filed a response to the motion. However, rather than respond to the substance of plaintiff's motion, they state that plaintiff is not entitled to transfer as a procedural matter. Plaintiff essentially seeks injunctive relief, for which he has not made the necessary showing. *See Dataphase Sys. v. CL Sys.*, 640 F.2d 109, 113-14 (8th Cir.1981) (*en banc*). But the Court is concerned --- based on this motion and others currently pending --- that plaintiff may be thwarted from prosecuting his case by the

defendants and those acting in concert with them. Defendants should respond substantively to plaintiff's statements. Is plaintiff being denied the postage and stationery he purchased, and is plaintiff being denied access to his legal papers? Further, although it is not clear plaintiff actually requires a notary to prosecute his case, the defendants should also respond regarding whether plaintiff has been denied access to a notary.

Next, the Court will address plaintiff's submission docketed as #65. Plaintiff states that he would like more time to work out whether he needs to join more parties to this case because he has been in administrative segregation and thus separated from legal materials and access to individuals who can help him. Plaintiff named more than twenty defendants in his Amended Complaint, but he states that there are new parties that have joined the "campaign of harassment" against him. To the extent plaintiff would like to amend his complaint, he may seek to do so pursuant to Federal Rule of Civil Procedure 16(b), which requires him to show "good cause in order to be granted leave to amend." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008); *Popoalii v. Correctional Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008).

Plaintiff also seeks reconsideration of the Court's earlier denial of his motion for discovery. (Docketed as #67.) That motion is denied because the "Motion for Discovery" originally filed appeared to contain discovery requests that are not properly filed with the Court. Discovery requests should be served on the defendants, not filed with the Court.

Plaintiff also seeks an explanation for why a "hammer" appears next to some items on the docket sheet. The hammer typically indicates that the Court has not yet ruled on a motion as of the time the docket sheet was printed out.

Finally, the Court will deny plaintiff's motions for appointment of counsel (#70, #80) for the same reasons the Court has given in denying previous motions (*see, e.g.*, March 18, 2014 Order, #59). To the extent the defendants are actively preventing the plaintiff from litigating this case, the Court will impose the appropriate remedies. Defendants shall respond to the Court as requested above no later than November 7, 2014.

Accordingly,

**IT IS HEREBY ORDERED** that the plaintiff's motion to transfer (#81) is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion regarding amended the Case Management Order (#65) is **DENIED.**

**IT IS FURTHER ORDERED** that the plaintiff's motion for reconsideration (#67) is **DENIED**.

**IT IS FINALLY ORDERED** that the defendants shall file a report to the Court as requested above regarding plaintiff's ability to access the materials and other resources he requires to prosecute his case effectively no later than November 7, 2014.

Dated this  22nd  day of October, 2014.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE